```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

ROBERT O. IDAHOSA,            *

     Plaintiff,               *

vs.                           *     CASE NOS. 4:20-CV-91 (CDL)
                                              4:20-CV-92 (CDL)
SECRETARY OF THE ARMY,        *

     Defendant.               *
```

O R D E R

Robert O. Idahosa, who is proceeding pro se, brought two separate employment discrimination actions against the Secretary of the Army. The Government moved to dismiss both complaints for failure to state a claim because neither complaint contains any facts to support a claim for employment discrimination. For the reasons set forth below, the Court finds that neither complaint contains enough factual matter to state a claim, but the Court will permit Idahosa to amend his complaints.

FACTUAL ALLEGATIONS

Idahosa used the form complaint for employment discrimination claims. *See generally* Compl., ECF No. 1 in 4:20-CV-91 ("91 Compl."); Compl., ECF No. 1 in 4:20-CV-92 ("92 Compl.") Idahosa alleges that he was employed by the U.S. Department of the Army at the Fort Benning Equal Employment Opportunity Office. In the "Basis for Jurisdiction" section,

Idahosa checked the boxes indicating that both actions were brought pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Rehabilitation Act. 91 Compl. § II; 92 Compl. § II. In the "Statement of Claim" section, Idahosa checked the boxes indicating that he is complaining of failure to hire, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation. 91 Compl. § III.A; 92 Compl. § III.A. He also states that he was "Subjected to pervasive, severe harassment, hostile work environment, and Rehabilitation Act 1973." *Id*. And he checked the boxes indicating that he was discriminated against because of race ("Black/African-American"), gender ("Male"), national origin ("Nigerian"), age (born in 1960), and disabilities ("Blindness, Diabetes, Bodily, limited mobility, limited use of hands and legs."). 91 Compl. § III.D; 92 Compl. III.D. His complaint in 4:20-cv-91 focuses on the timeframe between April 27, 2016 and February 28, 2017. 91 Compl. § III.B. His complaint in 4:20-cv-92 focuses on the timeframe between November 1, 2014 and January 18, 2016. 92 Compl. § III.B.

In the section of the form complaint where Idahosa was instructed to state the facts of his case, Idahosa stated: "See stated fact in enclosed Decision of EEOC Office of federal

2

Operation. Administrative EEOC Judge abused his discretion in violation of due process for not allowing a hearing on the matter.  EEOC office of federal operation made error for accepting and affirming Agency decision and Administrative Judge summary judgment order."  91 Compl. § III.E; 92 Compl. § III.E. Idahosa did not provide any additional facts.  He did attach to the complaint in 4:20-cv-91 a copy of the Equal Employment Opportunity Commission's decision affirming the Army's final order adopting the administrative judge's decision, which "determined that the preponderance of the evidence did not establish that [Idahosa] was discriminated against by the [Army] as alleged" in Appeal Nos. 2019004777, 2019004778, and 2019004779.  91 Compl. Attach 2, EEOC Decision 4 (Feb. 6, 2020), ECF No. 1-2 in 4:20-cv-91.  And he attached to the complaint in 4:20-cv-92 a copy of the EEOC's similar decision affirming the Army's final order adopting the administrative judge's decision in Appeal No. 2019000694.  92 Compl. Attach. 1, EEOC Decision (Feb. 28, 2020), ECF No. 1-1 in 4:20-cv-92.  Although both EEOC decisions recount several employment actions of which Idahosa complains, neither EEOC decision contains any facts regarding these decisions.  There is nothing in the complaints or the EEOC decisions to suggest that the Army took the employment actions because of any protected trait or conduct.

## DISCUSSION

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556). So, in an employment discrimination case, a plaintiff must allege facts to give the defendant "fair notice of the basis" for the plaintiff's claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). In *Swierkiewicz*, for example, the plaintiff adequately alleged that he was terminated because of his national origin and age because his "complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at

least some of the relevant persons involved with his termination." *Id.*

Here, Idahosa's complaints in the present actions state Idahosa's legal conclusion that the Army discriminated against him because of his protected traits and protected conduct, but his complaints contain zero factual allegations to support these claims. While his reference to the EEOC decisions does elucidate the employment actions that Idahosa complains about, neither the EEOC decisions nor the complaints allege any facts to suggest that the Army took these actions because of Idahosa's protected traits or protected conduct. Unlike the complaint in *Swierkiewicz*, Idahosa's complaints do not contain any details about the events leading to each alleged adverse employment action. Idahosa's response briefs do contain additional factual background regarding Idahosa's claims, but a plaintiff may not amend his complaint via a response brief. *See Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (per curiam) ("[A] party cannot amend a complaint by attaching documents to a response to a motion to dismiss."). The proper way to amend a complaint is to file an amended complaint.

In summary, Idahosa's complaints in the present two actions do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The

Court will, however, permit Idahosa one opportunity to file an amended complaint in each action to correct the deficiencies in his original complaints.  *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)).  Idahosa is reminded that his amended complaints must contain "a short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. (8)(a)(2), and he must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  Most importantly, the amended complaints should contain the factual basis for each claim: what employment actions the Army took and the factual basis for Idahosa's contention that each action was discriminatory and/or retaliatory.

## CONCLUSION

As discussed above, the Government's motions to dismiss (ECF No. 11 in 4:20-cv-91 and ECF No. 10 in 4:20-cv-92) are denied at this time, although the Court finds that Idahosa's present complaints fail to state a claim.  The Court will permit

6

Idahosa to file an amended complaint in each action to correct the deficiencies. Idahosa should file his amended complaints by March 31, 2021. And he should file separate amended complaints in each action. The clerk shall docket this order in both actions.

    IT IS SO ORDERED, this 10th day of March, 2021.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA