```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION

ROBERT O. IDAHOSA,               *

      Plaintiff,                 *

vs.                              *
                                     CASE NO. 4:20-CV-91 (CDL)
SECRETARY OF THE ARMY,           *

      Defendant.                 *
_____
```

O R D E R

Robert O. Idahosa, who is proceeding pro se, brought this employment discrimination action against the Secretary of the Army. The Court previously concluded that Idahosa failed to state a claim because the complaint did not contain any facts to support a claim for employment discrimination. *See generally Idahosa v. Sec'y of the Army*, No. 4:20-CV-91 (CDL), 2021 WL 922058, (M.D. Ga. Mar. 10, 2021). The Court allowed Idahosa to amend his complaint. He has done so, and the Government contends that the amended complaint still fails to state a claim. For the reasons set forth below, the Government's motion to dismiss (ECF No. 24) is granted in part and denied in part.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Idahosa worked for the Department of the Army as an Equal Employment Opportunity ("EEO") specialist in the Fort Benning EEO office.  Idahosa is a 61-year-old black man from Nigeria who has several medical conditions.  He asserts two counts in this action: Count I for hostile work environment based on national origin and Count II for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  In support of Count I, Idahosa alleges that supervisors and co-workers "discriminated against and harassed" him based on his national origin between April 2014 and December 2016.  Am. Compl. ¶ 11, ECF No. 21.  He contends that he "was constantly humiliated, embarrassed, belated [sic] and talk down [sic]

because of his 'Accent.'"   *Id.* ¶ 5.   Idahosa summarily alleges that the statements and conduct "were unwelcome, sufficiently severe or pervasive, [and] detrimentally affected" him.   *Id.* ¶ 20.

To support Count II, Idahosa alleges that he complained about discrimination and harassment based on national origin, gender, and race, and he filed a formal EEO complaint of discrimination with the Army in 2014.   Am. Compl. ¶¶ 11, 25, ECF No. 21 in 4:20-cv-91 (referencing ARIMCOMHQ14MAY01917).   Idahosa further alleges that after filed the EEO complaint, he was assigned to a small, mildew-infested office, denied promotions between April 2014 and December 2015, and denied monetary awards that other specialists received in December 2015.   *Id.* ¶¶ 13-16, 27.   Finally, Idahosa alleges that these actions were in retaliation for his complaints.   *Id.* ¶¶ 27, 30.

The Government moved to dismiss both counts, arguing that Idahosa's allegations fail to state a claim.

## DISCUSSION

To state a claim in an employment discrimination case, a plaintiff must allege facts to give the defendant "fair notice of the basis" for the plaintiff's claims.   *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).   In *Swierkiewicz*, for example, the plaintiff adequately alleged that he was terminated because of his national origin and age because his "complaint

detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Id.* The Government argues that Idahosa's amended complaint does not contain a factual basis to support Idahosa's hostile work environment claim or his retaliation claim. The Court addresses each claim in turn.

## I.   Hostile Work Environment Claim

To allege a hostile work environment claim, a plaintiff must show: "(1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability." *Nurse v. City of Alpharetta*, 775 F. App'x 603, 607 (11th Cir. 2019) (per curiam (quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010)). Here, Idahosa alleged no *facts*. Instead, he made a general and conclusory allegation that unnamed individuals were mean to him because of his accent. Idahosa did not allege any relevant facts: who created a hostile work environment based on his national origin, exactly what happened, who knew about the alleged misconduct, or how it affected him. So, Idahosa's

4

national origin hostile work environment claim is based on nothing more than conclusory allegations. That is not enough. Idahosa was already given an opportunity to amend his complaint to add factual details, and he failed to provide sufficient factual details for his national origin hostile work environment claim. The claim is dismissed.

## II.  Retaliation Claim

Idahosa also asserts a Title VII retaliation claim.[1]  The federal-sector provision of Title VII bars retaliation against federal employees who complain about discrimination based on race, color, religion, sex, or national origin. *Babb v. Sec'y, Dep't of Veterans Affairs*, 992 F.3d 1193, 1203 (11th Cir. 2021); *accord* 42 U.S.C. § 2000e-16(a). To establish such a claim, a plaintiff must show that he engaged in conduct protected under Title VII, that the plaintiff suffered a materially adverse action that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination,'" and that there is a causal connection between the two. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1220 (D.C. Cir. 2006)).

The Government insists that Idahosa's allegations are so vague that it cannot tell what Idahosa is alleging, but the two-

---

[1] Count II is styled as a Title VII claim, and Idahosa alleges that he was retaliated against for engaging in activities protected under Title VII. Am. Compl. ¶ 30.

count complaint with a handful of factual allegations is not complicated.  Idahosa alleges that in 2014 he filed an EEO complaint alleging discrimination based on national origin, gender, and race.  He further alleges that after he filed the EEO complaint, he was denied promotions and monetary awards that other specialists received and was assigned to a small, mildew-infested office.  And Idahosa alleges that these actions were in retaliation for his complaints.  Taking Idahosa's allegations as true and drawing all reasonable inferences in his favor—as the Court must do at this stage in the litigation—Idahosa adequately states a Title VII retaliation claim.  The Government's motion to dismiss this claim is denied, and the Court sees no reason to order a more definite statement under Federal Rule of Civil Procedure 12(e).

### CONCLUSION

For the reasons set forth above, the Court grants the Government's motion to dismiss Idahosa's hostile work environment claim but denies the Government's motion to dismiss his Title VII retaliation claim.

IT IS SO ORDERED, this 15th day of November, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA