```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

ROBERT O. IDAHOSA,            *

    Plaintiff,             *

vs.                           *
                                        CASE NO. 4:20-CV-91 (CDL)
SECRETARY OF THE ARMY,        *

    Defendant.             *

O R D E R

Robert O. Idahosa brought this employment discrimination action against the Secretary of the Army under the federal sector provision of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16.  Idahosa claims that the Army retaliated against him for filing Equal Employment Opportunity complaints about race, sex, and national origin discrimination. The Army seeks summary judgment on Idahosa's claims because Idahosa did not present evidence to create any genuine fact disputes.  For the reasons set forth below, the Court grants the Army's motion (ECF No. 33).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material*

fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

In accordance with the Court's local rules, the Army submitted a statement of undisputed material facts with its summary judgment motion. *See* M.D. Ga. R. 56 (requiring a statement of material facts that is supported by the record). Idahosa, who is proceeding pro se and was sent a notice regarding the significance of the Army's summary judgment motion, did not respond to the statement of material facts. Notice to Pro Se Party of Mot. for Summ. J. 1 (Dec. 12, 2022), ECF No. 34. The Army's fact statement is thus deemed admitted pursuant to Local Rule 56, and the Court reviewed the Army's citations to the record to determine whether a genuine fact dispute exists. *See* M.D. Ga. R. 56 ("All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate.").

The Court recognizes that Idahosa submitted several exhibits in response to the Army's summary judgment motion. Though he cited some of them in his response brief, Idahosa did not clearly explain—and it is not evident to the Court—how the exhibits are relevant to the specific claims in this action. One of the exhibits, Exhibit 10, is a 300-page transcript of a fact-finding conference; Idahosa cites the entire transcript, without any "specific citation to particular parts" of the transcript as required by Local Rule 56. The Court thus did not consider Idahosa's Exhibit 10. *See* Fed. R. Civ. P. 56(c) (requiring citation to "particular parts of materials in the record" and stating that the "court need consider only the cited materials").

## FACTUAL BACKGROUND

Robert Idahosa worked as a civilian Equal Employment Opportunity (EEO) specialist at the Army installation formerly known as Fort Benning.[1] Shoemaker Decl. ¶ 4, ECF No. 33-3. He was employed at the GS-11 level. *Id.* In July and August 2014, Idahosa's supervisor, Elva Shoemaker, gave "special act awards" of $500 to Winifred Torain, Pamela Allen, and Anthony Jackson because they consistently exceeded expectations in their roles and went

---

[1] Fort Benning was renamed Fort Moore. Media Release (Mar. 8, 2023), https://home.army.mil/benning/index.php/download_file/view/72eda0d9-d929-47b8-9790-1bcac98a570c/1.

3

above and beyond their assigned duties.[2] *Id.* ¶¶ 18-19, 21. Shoemaker did not give Idahosa a special act award "because his performance did not exceed expectations, and he did not perform a special act" during 2014. *Id.* ¶ 22.

Idahosa filed a formal EEO complaint on August 27, 2014, alleging discrimination based on his sex, age, disability, and protected EEO activity. Albritton Decl. ¶ 3, ECF No. 33-6 (citing EEO complaint ARIMCOMHQ14MAY01917). The same month, Idahosa applied for a promotion to a GS-12 EEO specialist position. Shoemaker, the selecting official for the position, used a selection panel consisting of one director from Fort Benning and two EEO officers from other Army installations. Shoemaker Decl. ¶¶ 8-9. The panel identified its top two candidates for the position, and Shoemaker adopted the panel's recommendations. *Id.* ¶¶ 10-11. After the first-choice candidate declined the position, Shoemaker offered the position to the panel's second choice, who accepted. *Id.* ¶¶ 10-11. Idahosa was not one of the panel's top two candidates for the position. *Id.* ¶ 12. According to Shoemaker, the selection panel was unaware of Idahosa's August 2014 EEO complaint. *Id.* ¶ 13. Idahosa did not point to any evidence that the panel was aware of his 2014 EEO complaint.

---

[2] Idahosa summarily asserts that his colleagues did not deserve these awards, but he did not point to any evidence to create a genuine fact dispute on this issue.

4

In June 2015, Idahosa filed another formal EEO complaint, alleging discrimination based on his race, national origin, age, disability and protected EEO activity. Albritton Decl. ¶ 3 (citing EEO Complaint ARIMCOMHQ15MAY01917). Later that summer, in August 2015, Shoemaker gave "special act awards" of $300 to $500 to Winifred Torain, Pamela Allen, and Darlene Robinson because they exceeded expectations in their roles and went above and beyond their assigned duties.[3] Shoemaker Decl. ¶¶ 18-20. Shoemaker again did not give Idahosa a special act award "because his performance did not exceed expectations, and he did not perform a special act" during 2015. *Id.* ¶ 22.

Idahosa filed two more formal EEO complaints in March 2016, alleging discrimination based on his race, sex, national origin, age, disability, and protected EEO activity. Albritton Decl. ¶ 3 (citing EEO Complaints ARIMCOMHQ15DEC05009 and ARIMCOMHQ16FEB00605). In May 2016, Idahosa applied for a GS-13 EEO Manager position. George Steuber was the selection official for the position, and he used a selection panel consisting of EEO officials from Army installations other than Fort Benning. Def.'s Mot. Summ. J. Ex. E, Steuber Witness Statement ¶¶ 1, 4, 8, ECF No. 33-7. Idahosa was not "referred" to the panel because the position

---

[3] Idahosa summarily asserts that his colleagues did not deserve these awards, but he did not point to any evidence to create a genuine fact dispute on this issue.

5

required a GS-12 classification and Idahosa was a GS-11. *Id.* ¶ 2. Idahosa does not dispute that the position required a GS-12 classification; he appears to argue that he was performing GS-12 level work, but he did not point to any evidence to dispute that he was classified as GS-11 and had never been classified as GS-12. Idahosa also did not point to evidence that the non-referral was because of anything other than his official G-11 classification. Because Idahosa's application was not referred to the panel, he was not considered for the job.[4] The panel recommended Pamela Allen for the position. Idahosa filed an informal EEO complaint about the decision, alleging discrimination based on his sex, national origin, age, and protected EEO activity. Albritton Decl. ¶ 3 (citing EEO Complaint ARIMCOMHQ16MAY01798).

Allen became Idahosa's supervisor in May 2016. Allen Decl. ¶ 3, ECF No. 33-5. In June 2016, Idahosa asked Allen for a larger office, asserting that he needed more space to accommodate a disability. *Id.* ¶ 15; Allen Decl. Ex. 2, Reasonable Accommodation Request (June 8, 2016), ECF No. 33-5 at 11-13 ("June 2016

---

[4] The evidence cited by the parties does not reveal whether the referral was done automatically by a computer program or whether a person screened Idahosa's application. The evidence cited by the parties also does not disclose whether any person who screened Idahosa's application and decided not to refer him (a) knew of his prior EEO complaints or (b) had any discretion to refer his application notwithstanding his lack of a GS-12 classification.

6

Accommodation Request").[5]  Allen asked Idahosa for medical documentation to support his request for a larger office as a reasonable accommodation for a disability.  Allen Decl. ¶ 16; June 2016 Accommodation Request.  In August, Idahosa submitted a doctor's note stating that Idahosa had "decreased visual acuity" and needed accommodations including "additional software on the job to allow better access for reading and writing."  Allen Decl. Ex. 2, Letter from L. Bronersky-Enumah (Aug. 10, 2016), ECF No. 33-5 at 15.  The doctor's note did not state that Idahosa needed a larger office.  *Id.*  Allen later asked the public works department to measure Idahosa's office and the office he wanted, noting that the offices "appear to be the same in size."  Allen Decl. ¶ 17; Allen Decl. Ex. 2, Mem. for Record (Nov. 1, 2016), ECF No. 33-5 at 17 ("Nov. 2016 Mem.").  Allen also stated that Idahosa had not provided a "solid justification" for a different office.  Allen offered to help Idahosa rearrange his office and remove large, unnecessary furniture so he would have more space, but Idahosa declined.  Allen Decl. ¶ 18; Nov. 2016 Mem.

In August 2016, Idahosa applied for a promotion to a GS-12 EEO specialist position.  Allen, the selecting official for the position, used a selection panel consisting of EEO officials from

---

[5] Before he asked for a new office, Idahosa had been in the same office for at least two years and had rejected at least four offers from Shoemaker to move offices.  Shoemaker Decl. ¶¶ 23-24.

7

Army installations other than Fort Benning. *Id.* ¶¶ 7-8. The panel interviewed Idahosa but did not recommend him as the top candidate. *Id.* ¶ 9. Instead, the panel recommended a candidate whose interview score was significantly higher than Idahosa's, and Allen adopted the panel's recommendation. *Id.* ¶¶ 10-11. According to Allen, the selection panel was unaware of Idahosa's prior EEO complaints. *Id.* ¶ 12. Idahosa did not point to any evidence that the panel was aware of his prior EEO complaints.

In this action, Idahosa brought a two-count complaint against the Secretary of the Army. *See* Am. Compl. 6-7, ECF No. 21 (asserting Count I for "Title VII, 42 U.S.C. § 2000e-2{a) Hostile Work Environment Based on National Origin" and Count II for "Title VII, 42 U.S.C. § 2000e-3(a) Retaliation Against Idahosa for Engaging in Protected Activity"). The Court dismissed the hostile work environment claim because Idahosa did not allege a sufficient factual basis for it. *Idahosa v. Sec'y of Army*, No. 4:20-CV-91 (CDL), 2021 WL 5304188, at *2 (M.D. Ga. Nov. 15, 2021).

The Court denied the motion to dismiss Idahosa's other claim, which the Court construed as a Title VII retaliation claim based on alleged retaliation following his 2014 formal EEO complaint. *Id.* at *3. The Army also appears to construe Idahosa's complaint in this action as encompassing retaliation claims based on an EEO complaint Idahosa made on June 2015. *Cf.* Am. Compl. ¶ 11

8

(referencing EEO complaints ARIMCOMHQ14MAY01917 and ARIMCOMHQ15MAY01917).

DISCUSSION

The federal-sector provision of Title VII bars retaliation against federal employees who complain about discrimination based on race, color, religion, sex, or national origin. *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1203 (11th Cir. 2021); *accord* 42 U.S.C. § 2000e-16(a). To establish a federal-sector Title VII retaliation claim, a plaintiff must establish that he engaged in statutorily protected conduct, that he suffered a materially adverse employment action, and that his protected conduct played a part in the decision to take the adverse employment action. *Babb*, 992 F.3d at 1205 & n.8 (explaining causation for federal-sector Title VII cases). Here, the main questions for the Court are whether Idahosa suffered materially adverse actions and whether he pointed to evidence that his EEO complaints played a role in the challenged decisions. *See id.* at 1204 (suggesting that the familiar *McDonnell Douglas* framework does not apply in federal-sector Title VII cases).

Idahosa contends that the Army subjected him to the following adverse actions: (1) failure to give him special act awards in July 2014, August 2014, and August 2015; (2) failure to promote in August 2014, May 2016, and August 2016; and (3) failure to switch Idahosa's office in 2016. To be actionable under Title VII's

9

retaliation provision, an employment action must be materially adverse, meaning that it "might have dissuaded a reasonable worker" from exercising rights protected under Title VII. *Babb*, 892 F.3d at 1196 (quoting *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008)).

The Court is not convinced that the denial of a new office is a materially adverse action based on the facts here. *See Baroudi v. Sec'y, U.S. Dep't of Veterans Affs.*, 616 F. App'x 899, 903 (11th Cir. 2015) (per curiam) (finding that an employee's assignment to the smallest office was not a retaliatory adverse action). According to the present record, Idahosa had been in his office for at least two years before he requested a new office, and he did not point to evidence that his office was meaningfully smaller than the one he wanted. The record shows that Idahosa requested a larger office to accommodate a disability, but he did not present any documentation that a larger office was necessary to accommodate his disability or that he could not do his job in his existing office. Under these circumstances, the Court finds that Idahosa did not establish that the denial of his office request was a materially adverse employment action. Accordingly, the Army is entitled to summary judgment on Idahosa's claim based on the denied office transfer.

The Court also does not find that Shoemaker's decision to give small merit awards to some employees but not others is a

10

materially adverse action under the precise circumstances here. If a person is denied a bonus he has earned, that would likely be a materially adverse action.  Or if two people complete substantially similar work under the same basic circumstances and one receives a bonus for it (suggesting that the work is bonus-worthy) while the other is denied, that would probably be a materially adverse action.  But the Court is not convinced that an employee suffers a materially adverse action when his employer decides to award Employee A for exemplary work but does not give an award to Employee B—*unless* there is evidence that Employee B also deserves an award.  It cannot be a materially adverse action for an employer to decide not to give a special merit bonus to an employee who simply does his regular job at a satisfactory level. *See, e.g., Bender v. Miami Shores Vill.*, 578 F. App'x 822, 826 (11th Cir. 2014) (per curiam) (concluding that the district court did not err in finding no materially adverse action where the record established that the plaintiff did not receive a bonus because she did not take on any additional assignments as she and all her colleagues were asked to do).  Here, Defendants presented evidence that the individuals who received the special act awards did additional, exceptional work beyond their regular job duties, while Idahosa simply performed his regular job duties adequately. Idahosa did not point to any evidence to create a genuine fact dispute on this issue.  Accordingly, the Court finds that the

11

denial of the special act awards is not a materially adverse action under the facts of this case.[6]

There is no dispute that the denial of a promotion is a materially adverse action for purposes of a Title VII retaliation claim. The Court assumes that Idahosa engaged in protected activity when he filed EEO complaints on August 27, 2014, June 25, 2015, March 24, 2016, and May 6, 2016. The remaining question is whether Idahosa presented enough evidence to show that his EEO complaints played any role in the denied promotions. He did not.

To establish causation, "a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (internal quotation marks and citation omitted). Here, Idahosa did not present evidence to refute the Army's evidence that the August 2014 and August 2016 promotion decisions were made by selection panels who did not know about Idahosa's protected activity. Nor did Idahosa present evidence that the decisionmaker for the May 2016 promotion knew about his protected activity; he did not establish who screened his application, whether the screener knew about his prior EEO activity, or whether the screener was even

---

[6] In addition, several of the awards were given *before* Idahosa made his 2014 EEO complaint, which means that Idahosa also cannot establish a causal connection between his protected activity and the awards.

permitted to refer Idahosa's application to the selection panel given his lack of a GS-12 classification. Accordingly, Idahosa's retaliation claims based on these challenged actions fail because he did not point to evidence from which a jury could conclude that his EEO complaints played any role in these decisions.

## CONCLUSION

For the reasons set forth above, Idahosa did not point to sufficient evidence to create a genuine fact dispute on any of his Title VII retaliation claims, which are the only claims remaining in this action. Based on the present record, no reasonable juror could conclude that Idahosa suffered materially adverse employment actions that were causally related to his protected EEO activity. Accordingly, the Court grants the Army's summary judgment motion (ECF No. 33).

IT IS SO ORDERED, this 15th day of May, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA